Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000126
29-AUG-2014
08:19 AM

NO. CAAP-10-0000126

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES LAURETA RETUTAL, Plaintiff-Appellant, v.
SARAH KAMAILE RETUTAL, now known as Hatori, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 09-1-1130)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant James Laureta Retutal (Husband) appeals from the Decree Granting Absolute Divorce (divorce decree) entered by the Family Court of the First Circuit (Family Court) on October 5, 2010.[1]

On appeal, Husband argues that: (1) the Family Court erred in including in the divorce decree: paragraph 32: "[i]n the event either party intentionally failed to disclose any assets held on the effective date of this decree the other party is awarded the entirety of the asset as his or her sole or separate property[,]" and paragraph 11(d): "[t]he above entitlements to wife shall apply to [Husband's] retirement accounts including any subsequently discovered accounts not previously disclosed on Husband's filed financials[;]" and (2) the Family Court erred in making Findings of Fact (FOF) numbers 7, 8, and 14, and Conclusions of Law (COL) numbers 2 and 3.

---

[1] The Honorable Nancy Ryan presided.

After a careful review of the points raised, arguments made, the record and the applicable authority, we resolve Husband's appeal as follows and affirm.

The heart of Husband's argument is that it was error for the Family Court to include in the divorce decree terms that he did not agree to.  However, he does not cite to any authority in support of his proposition.[2]  This court has previously held,

> Thus, a family court, proceeding pursuant to an approved settlement agreement, is not authorized to enter a provision that is either contrary to the settlement agreement or prejudicial to a party regarding an issue on which the agreement was silent.  See [Bienvenue v. Bienvenue, 102 Hawai'i 59, 69-70, 72, 72 P.3d 531, 541-42, 544 (App. 2003)]; see also Nakata v. Nakata, 3 Haw. App. 51, 56, 641 P.2d 333, 336 (1982) ("If at the time the divorce was granted the lower court decided to change the Agreement before incorporating it into the decree, it would have been required to obtain the consent of both parties or to move the case from the uncontested calendar to the contested calendar.").  A family court is authorized, however, to augment the settlement agreement by adding reasonable, nonsubstantive enforcement provisions.  Bienvenue, 102 Hawai'i at 71-72, 72 P.3d at 543-44.

Kumar v. Kumar, No. CAAP-12-0000691, 2014 WL 1632111 at *10 (App. Apr. 23, 2014) (mem).

Both provisions at issue here are neutral, that is, they apply equally to both parties.  Therefore, they were not "prejudicial to a party regarding an issue on which the agreement was silent" and were "nonsubstantive enforcement provisions."  Id.  Thus, we conclude that Husband's challenge to paragraphs 11(d) and 32 are without merit.

---

[2]     Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure requires that the argument contain "citations to the authorities, statutes and parts of the record relied on."

Our resolution of these issues make it unnecessary to address Husband's remaining points.

Therefore, the Family Court of the First Circuit's October 5, 2010 Decree Granting Absolute Divorce is affirmed.

DATED:  Honolulu, Hawai'i, August 29, 2014.

On the brief:

Scot S. Brower,
for Plaintiff-Appellant.

Presiding Judge

Associate Judge

Associate Judge